UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYALA CHAYU, | : |
| Plaintiff, | : Civil Action No. 3:17-cv-9043-BRM |
| v. | : |
| NANCY A. BERRYHILL, Commissioner of Social Security Administration, | : **OPINION** |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Ayala Chayu's ("Chayu" or "Plaintiff") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner")[1] denying her application of Social Security Disability Insurance Benefits ("SSDI") and application for Supplemental Security Income ("SSI"). (Tr. 1–33.) Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, the matter is **AFFIRMED**.

**I.   BACKGROUND**

On April 5, 2013, Chayu applied for SSDI and SSI benefits alleging disability beginning April 15, 2009 (the "Onset Date"). (Tr. 20.) Her claim was denied initially on August 6, 2013, and

---

[1] Defendant adopted the decision of the Administrative Law Judge ("ALJ") which concluded Plaintiff was not disabled under the relevant standards, and issued a written decision denying her application on May 17, 2016 (the "ALJ Decision"). (Tr. 1–33.)

on reconsideration on January 17, 2014. (*Id.*) On June 17, 2014, Chayu filed a written request for an administrative hearing. (*Id.*) On April 20, 2016, a hearing was held where Chayu appeared and testified. (*Id.*) Impartial vocational expert, Tanya M. Edghill, also appeared and testified at the hearing. (*Id.*) On May 27, 2016, the ALJ concluded Chayu was not disabled. (Tr. 32–33.) Specifically, the ALJ determined Chayu: (1) met the insured status requirements of the Social Security Act; (2) had not engaged in substantial gainful activity since the Onset Date; (3) had the following severe impairments: lumbar spine disease with radiculopathy, cervical spine disease with radiculopathy, systemic lupus erythematosus, vasculitis, migraines, and obesity; (4) did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments; (5) had a Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), but with some limitations; (6) was able to perform past relevant work; and (7) had not been under disability, as defined in the Social Security Act, from the Onset Date through the date of the decision. (Tr. 22–32.) The Appeals Council denied Chayu's request for review, rendering the ALJ's decision the Commissioner's final decision. (Tr. 1–7.) Having exhausted her administrative remedies, Chayu filed this action seeking review of the Commissioner's final decision on February 1, 2018. (Compl. (ECF No. 1.))

## II.   STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42

U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

### III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. §§ 423(d)(1)(A), 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146–47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146–47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146–47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether

the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical

impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146–47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

## IV. DECISION

Chayu argues the ALJ erred in rejecting the opinion of Dr. Norton Sokol, M.D. as unsupported and inconsistent with the record. (Pl.'s Br. (ECF No. 19) at 28.) Chayu urges this Court to adopt Dr. Sokol's opinion and reverse the ALJ's decision. (*Id.*) In the alternative, Chayu contends this Court should remand the matter to correct the following errors: (1) the ALJ's misinterpretation of Dr. Sokol's opinion; (2) the ALJ's rejection of Dr. Sokol's opinion; (3) the ALJ's rejection of the opinion of Christina King, A.P.T.; and (4) the ALJ's adoption of the opinion of the State Agency Medical Consultants. (*Id.* at 28–37.)

The Court will address these arguments in turn.

### A. Chayu's Challenge to the ALJ's Rejection of Dr. Sokol's Opinion

#### i. *Chayu's Challenge to the ALJ's Finding That Dr. Sokol's Opinion is Unsupported and Inconsistent with the Record*

Chayu argues that Dr. Sokol's medical opinion regarding her conditions are well-supported and consistent with the record, and that therefore, Dr. Sokol's opinion should have been afforded

6

substantial weight by the ALJ. (ECF No. 19 at 23-24.) The Commissioner argues that Dr. Sokol's opinion is not supported by the record and thus, the ALJ properly afforded it little weight. (ECF No. 20 (Def.'s Br.) at 8–10.)

In 2013, Dr. Sokol found that Chayu could not sit for more than six hours per day, could not stand for more than two hours per day, could not lift or carry weight, and had limitations pushing and pulling. (*Id*. at 17–18, 24; Tr. 400.) Dr. Sokol further found that Chayu's limitations compromised her ability to perform the full range of sedentary work so as to constitute disabling limitations pursuant to the Social Security Regulations. (ECF No. 19 at 24.) Chayu argues the opinions of Dr. Sokol, her treating physician, should be afforded great weight. In support of this proposition, Chayu cites the Third Circuit's holding that "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer*, 186 F.3d at 429)).

Chayu's claim that Dr. Sokol's opinion should be afforded great weight is misguided. The ALJ properly afforded Dr. Sokol's opinion little weight as it contradicts Chayu's own testimony that she was able to drive, vacuum, do small loads of laundry, and shop for groceries. (Tr. 43, 57–59.) Chayu conceded that while she is unable to lift large amounts of weight, she is able to lift enough to perform these activities. (Tr. 57–59.)

The ALJ's decision is supported by substantial evidence in the record, including Chayu's own statements and the opinions of treating physicians. *See Jakubowski v. Comm'r*, 215 F. App'x 104 (3d Cir. 2007) (stating that an ALJ's decision as to the severity of impairments is supported by substantial evidence when the ALJ cites to specific medical records in his decision). The ALJ

supported this denial with substantial evidence. (Tr. 30–31.) Thus, whether this Court would have decided the inquiry differently is immaterial. *Hartranft*, 181 F.3d at 360.

Contrary to Chayu's contentions, the ALJ properly considered Dr. Sokol's opinion and provided it little weight. In making a disability determination, the ALJ must consider all evidence before it. *See, e.g.*, *Plummer*, 186 F.3d at 433; *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). Although the ALJ may weigh the credibility of the evidence, the ALJ must give some indication of the evidence which it rejects and his or her reasons for discounting such evidence. *Burnett*, 220 F.3d at 121; *Cotter*, 642 F.2d at 705. In *Burnett*, the Third Circuit held the ALJ had not properly decided an evidentiary issue because he "fail[ed] to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination." 220 F.3d at 121. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. Consequently, an ALJ's failure to note if evidence that contradicts his findings was considered, or to explain why such information was not credited, are grounds for a remand. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 435 (3d Cir. 1999). However, an ALJ may be entitled to overlook evidence that is neither pertinent, relevant, nor particularly probative. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008); *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

Additionally, when the record presents inconsistencies with a physician's ultimate opinion or where the physician's notes actually undermine his own opinion, an ALJ may appropriately discount the physician's opinion. *See Burke v. Comm'r of Soc. Sec.*, 317 F. App'x 240, 243-44 (3d Cir. 2009). Although the ALJ must not "reject evidence for no reason or for the wrong reason, [he or she] may choose whom to credit when considering conflicting evidence." *Kerdman v. Comm'r of Soc. Sec.*, 607 F. App'x 141, 144 (3d Cir. 2015) (quotations omitted). A reviewing court "may not re-weigh the

evidence." *Id.* Thus, even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is supported by substantial evidence in the record. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986).

Here, the ALJ carefully considered Dr. Sokol's opinion, stating in pertinent part:

> The opinions of Dr. Norton Sokol, M.D., have little weight (Exhibit 11F and Exhibit 21F at 6). Dr. Sokol has treated the claimant for years and has offered various opinions during the period of review. Essentially, Dr. Sokol's opinion precludes the claimant from all exertional work activity. For example, on May 3, 2013, he stated the claimant cannot lift or carry any weight (Exhibit 21F at 1–7). On November 20, 2013, he stated the claimant's "physical activities including of walking, standing, sitting, lifting, bending, carrying, cooking, cleaning, shopping, and working (even in a "desk" position) seems rather limited or even probative" (Exhibit 21F). These opinions are inconsistent with the medical evidence of record and the claimant's own testimony. First, the claimant testified to being able to lift and carry objects in a variety of contexts. There is no accounting for why Dr. Sokol believes the claimant cannot lift or carry anything, which significantly detracts from the weight of the doctor's opinion. Additionally, the claimant does in fact walk, stand, sit, lift, bend, carry, cook, clean, and shop (Hearing Testimony). She may do those activities at a slower pace than she used to prior to her 2013 accident, but she can do them nonetheless. Thus, Dr. Sokol's opinion that her conditions may preclude such activity is grossly inaccurate and further detracts from the weight of the opinion. Again, the claimant is significantly limited as her residual functional capacity reflects, but she retains a much higher degree of functionality than Dr. Sokol believes as evidenced in the medical records and the claimant's own testimony. For these reasons, the opinion has little weight.
>
> The undersigned notes the claimant's representative stated that Dr. Sokol should be given controlling weight because there "are no treating or examining doctors opinion in the record that contradict Dr. Sokol" (Exhibit 17E at 2). As discussed above, there are contradicting opinions that are substantially different from Dr. Sokol's opinion. Therefore, Dr. Sokol is not entitled to controlling weight.

(Tr. 30–31.)

9

The record contained substantial evidence that supports the ALJ's decision to reject Dr. Sokol's opinion. The function of this Court is simply to ensure that the ALJ's decision was supported by substantial evidence. This Court cannot apply a more stringent standard than that of "substantial evidence," nor can it act as the fact-finder. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360–61 (3d Cir. 2004). The administrative record provides this Court with "more than a mere scintilla" of evidence to support the ALJ's decision. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (defining substantial evidence as "less than a preponderance of the evidence but more than a mere scintilla").

### ii. *Chayu's Claim That the ALJ Misinterpreted Dr. Sokol's Opinion*

Chayu argues the ALJ misinterpreted Dr. Sokol's opinion in concluding that he opined that Chayu is precluded from "all exertional work activity." (Tr. 30.) The Commissioner argues that the ALJ interpreted Dr. Sokol's opinion in accordance with the evidence and the record. (ECF No. 20 at 9–10.)

Chayu contends that instead of finding her to be precluded from "all exertional work activity," (Tr. 30), Dr. Sokol meant that she "cannot lift or carry any weight for 1/3 of a work day." (ECF No. 19 at 29.) Chayu asserts that Dr. Sokol "did not find that [Plaintiff] cannot do any lifting and carrying but instead found that because of her significant health problems she cannot lift/carry for 1/3 of an 8 hour workday." (*Id.*)

As discussed above, the ALJ considered all the evidence before him and came to the determination that Dr. Sokol's opinion was inconsistent with the evidence. (Tr. 30–31.) Indeed, Chayu's interpretation of Dr. Sokol's answer to the question regarding how much she can lift or carry is not supported by the evidence. On the questionnaire, Dr. Sokol noted that Chayu's ability to lift or carry was limited and specifically wrote "no lifting or carrying." (Tr. 400.) It is not clear that Dr. Sokol meant that Chayu cannot lift or carry for one-third of an eight-hour workday.

Nonetheless, "[w]here evidence in the record is susceptible to more than one rational interpretation, [the reviewing court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3rd Cir. 2006). The Commissioner adopted the ALJ's decision and thus adopted the ALJ's interpretation of Dr. Sokol's opinion. (Tr. 20–33.) Dr. Sokol's opinion regarding whether Chayu can lift or carry is subject to "more than one rational interpretation" and therefore, the ALJ's interpretation that Dr. Sokol meant that Chayu could not lift or carry whatsoever is rationally based on the record and must be accepted. *Izzo*, 186 F. App'x at 284.

### iii. Chayu's Claim That the ALJ Rejection of Dr. Sokol's Opinion is Contrary to the Requirements of Caselaw and the Regulations

Third, Chayu contends the ALJ's rejection of Dr. Sokol's opinion runs afoul of the applicable case law. (ECF No. 19 at 31.) The Commissioner argues the ALJ properly rejected Dr. Sokol's opinion because his opinion was contrary to Chayu's own testimony and the findings of the State Agency Medical Consultants. (ECF No. 20 at 7–10.)

Relying on *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998), Chayu argues that a treating physician's opinion should be given great weight. The regulations provide factors that courts must consider when the treating physician's opinion is not given controlling weight, stating in pertinent part:

> *Generally*, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section,

11

> as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. *We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.*

20 C.F.R. § 404.1527(c)(2) (emphasis added).

The regulations do not support Chayu's contention that a treating physician's opinion should be "controlling," but rather, that it generally be afforded more weight than that of a non-treating physician. Further, the regulations state that a treating physician's opinion will be given controlling weight when it "is not inconsistent with other substantial evidence in [the] case record." *Id*. The ALJ appropriately found that Dr. Sokol's opinion was inconsistent with other substantial evidence in the case record and thus was not required by the regulations to give the opinion controlling weight. Further, the ALJ provided "good reasons" for why he did not give Dr. Sokol's opinion controlling weight. *Id.*; *see* (Tr. 30–31.) When the record presents inconsistencies with a physician's ultimate opinion or where the physician's notes actually undermine his own opinion, an ALJ may appropriately discount the physician's opinion. *See Burke*, 317 F. App'x at 243-44. Although the ALJ must not "reject evidence for no reason or for the wrong reason, [he] may choose whom to credit when considering conflicting evidence." *Kerdman*, 607 F. App'x at 144 (quotations omitted). A reviewing court "may not re-weigh the evidence." *Id.* Thus, even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is supported by substantial evidence. *Simmonds*, 807 F.2d at 58 (3d Cir. 1986). Contrary to Chayu's claims, the ALJ provided "good reasons" for affording Dr. Sokol's opinion little weight. 20 C.F.R. § 404.1527(c)(2). Accordingly, the Court finds the ALJ properly considered Dr. Sokol's opinion.

### B. Chayu's Challenge to the ALJ's Rejection of Christina King's Opinion

Chayu argues the ALJ erred in rejecting Christina King's opinion regarding the extent of her impairments. (ECF No. 19 at 34–35.) The Commissioner argues the ALJ reasonably afforded Dr. King's opinion little weight due to its vagueness and the ALJ's determination that Ms. King is not an acceptable medical source under the regulations. (ECF No. 20 at 11.)

In evaluating opinions from professionals who do not qualify as "acceptable" medical sources, the regulations provide:

> Although we will consider these opinions using the same factors as listed in paragraph (c)(1) through (c)(6) in this section, not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case.
>
> . . .
>
> The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case . . . .

20 C.F.R. § 404.1527(f); § 416.927(f).

Pursuant to the regulations, the ALJ is not required to evaluate the opinions from non-acceptable medical sources to the same degree as those from acceptable medical sources. Further, in conformity with the regulations, the ALJ articulated reasons for the weight given to Ms. King's opinion. (Tr. 31.) Notably, the ALJ evaluated Ms. King's opinion and provided reasons supported by substantial evidence in the records for rejecting it. (Tr. 31.)

Furthermore, "[w]here evidence in the record is susceptible to more than one rational interpretation, [the reviewing court] must accept the Commissioner's conclusions." *Izzo*, 186 F. App'x at 284. Chayu alleges that Ms. King's opinion included "a detailed physical examination

that revealed significant physical limitations that were consistent with Dr. Sokol's RFC." (ECF No. 19 at 35.) Ms. King's opinion stated that Chayu "had an 88% low back impairment or 'complete impairment' and 66% or 'severe impairment' of the neck." (Tr. 31.) These metrics were based on a "disability index." (*Id*.) The ALJ found that Ms. King's opinion was "vague" and therefore entitled to little weight, stating:

> Stating the claimant has such-and-such a percentage of disability sheds little light [on] what abilities the claimant retains. A conclusory number does not provide a function-by-function description of the claimant's abilities and therefore offers scant assistance in determining the claimant's overall ability.

(Tr. 31.)

Because the ALJ's interpretation of Ms. King's opinion is rational, this Court must accept it. *Izzo*, 186 F. App'x at 284. Because the ALJ provided valid reasons for rejecting Ms. King's opinion based on the record, it was proper to discredit her opinions. *Kerdman*, 607 F. App'x at 144. This Court cannot "re-weigh the evidence." *Id.* Even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is supported by substantial evidence. *See Simmonds*, 807 F.2d at 58. Accordingly, the Court finds that the ALJ's consideration and rejection of Ms. King opinion was proper.

    **C.**    **Chayu's Challenge to the ALJ's Adoption of the State Agency Medical Consultants' Opinions**

Chayu argues that the ALJ erred in affording the opinions of the State Agency Medical Consultants—Dr. James Paolino and Dr. Arthur Pirone—great weight. (ECF No. 19 at 36.) The Commissioner argues the ALJ properly afforded the opinions of Dr. Paolino and Dr. Pirone great weight as such opinions were consistent with the record and acceptable under the regulations. (Tr. 12–13.)

The ALJ determined the opinions of Dr. Paolino and Dr. Pirone were consistent with the record and should be afforded great weight, stating in pertinent part:

> The opinion of Dr. James Paolino, M.D., has great weight (Exhibit 1A and 2A, identical findings). Dr. Paolino is a state agency medical consultant who reviewed the claimant's medical history and offered an opinion on August 6, 2013. Dr. Paolino found the claimant could perform an eroded form of light exertional work activity. This opinion has great weight because it is consistent with the record. For example, the doctor noted the claimant's abnormal physical exam findings, but also measured those against the claimant's ability to perform her activities of daily living. In short, the claimant's ability to live on her own and perform most of her activities of daily living independently, even if at a slower pace, corresponds with the doctor's opinion.
>
> The opinion of Dr, Arthur Pirone, M.D., has great weight (Exhibit 5A and 6A, identical findings). Dr. Pirone is a state agency medical consultant who reviews the claimant's medical history and offered an opinion in December 3, 2013. Dr. Pirone reviewed the file on reconsideration at the state level and concluded that Dr. Paolino's opinion was appropriate. Dr. Pirone adopted Dr. Paolino's opinion as written. Therefore, Dr. Pirone's opinion is identical to Dr. Paolino's and has great weight for the same reasons.

(Tr. 30.)

The opinions of the State Agency Medical Consultants contradicted those of Dr. Sokol. When "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales*, 225 F.3d at 317 (quoting *Plummer*, 186 F.3d at 429 (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993))). While an ALJ must not "reject evidence for no reason or for the wrong reason, [he] . . . may choose whom to credit when considering conflicting evidence." *Kerdman*, 607 F. App'x at 144 (quotations omitted).

As the ALJ found that the opinions of Dr. Paolino and Dr. Pirone were more consistent with the record, he properly afforded them greater weight and provided valid reasons for doing so. This Court cannot apply a more stringent standard than that of "substantial evidence," nor can it act as the fact-finder. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360-61 (3d Cir. 2004). The

administrative record provides this Court with "more than a mere scintilla" of evidence to support the ALJ's decision. *Jones*, 364 F.3d at 503 (defining substantial evince as "less than a preponderance of the evidence but more than a mere scintilla"). Accordingly, the ALJ properly considered the opinions of the State Agency Medical Consultants.

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.

**Date:** August 19, 2019                                */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**